UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIA JACKSON, as Mother and Next Friend of AMARI FLYNN, a deceased minor, </br></br> Plaintiff, </br></br> v. </br></br> COOPER TIRE & RUBBER COMPANY, CARLTON FLYNN, and FORD MOTOR COMPANY, </br></br> Defendants, | ) </br> ) </br> ) </br> ) </br> ) Case No. 3:14-cv-01677 </br> ) Judge Aleta A. Trauger </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM & ORDER

On July 11, 2014, the plaintiff filed a Complaint against defendants Cooper Tire & Rubber Company ("Cooper Tire"), Carlton Flynn, and Ford Motor Company. On August 15, 2014, Cooper Tire filed a Notice of Removal, contending that removal was proper based on diversity jurisdiction. The plaintiff has filed a Motion to Remand (Docket No. 15), to which Cooper Tire filed a Response in opposition (Docket No. 18), the plaintiff filed a Reply (Docket No. 21), and Cooper Tire filed a Sur-Reply (Docket No. 24).

In her Complaint, the plaintiff alleges that she is currently "a resident and citizen of Chatham County, Georgia." (Compl. ¶ 1.) The Complaint alleges that Carlton Flynn "is a resident and citizen of Davidson County, Tennessee." (*Id.* ¶ 2.) In his Answer, Carlton Flynn admits that (1) the plaintiff is a resident and citizen of Georgia, and (2) he is in fact a resident and citizen of Davidson County, Tennessee. (Docket No. 17.)

Therefore, although the plaintiff, Carlton Flynn, and the decedent were allegedly Tennessee citizens on the date of the underlying accident, it appears that the plaintiff and Carlton

1

Flynn were citizens of different states (Georgia and Tennessee, respectively) on the date that the plaintiff filed her Complaint. "The general rule is that diversity is determined *at the time of the filing of the lawsuit*." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536 (6th Cir. 2006) (emphasis added) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") Therefore, for jurisdictional purposes, the parties here are in fact completely diverse, because, at the time the lawsuit was filed, the plaintiff was a Georgia citizen, and none of the defendants was a Georgia citizen.

Given that Carlton Flynn and the plaintiff are diverse, the parties' substantial briefing concerning the sufficiency of the plaintiff's claims against Carlton Flynn (under the fraudulent joinder standard) is irrelevant. In other words, there is complete diversity, regardless of whether Carlton Flynn is a "proper" defendant.

The only other issue raised by the plaintiff is the amount in controversy requirement, which the plaintiff stated in her opening brief had not been met. The plaintiff did not develop this argument in her opening brief in any fashion, which is insufficient on its face. Furthermore, after Cooper Tire argued that the amount in controversy requirement is satisfied under prevailing caselaw, the plaintiff did not challenge that argument in her Reply, reflecting implicit abandonment of her position. Regardless, on the merits, the court is satisfied that this case places more than $75,000 at issue: it involves the wrongful death of a minor and demands both compensatory and punitive damages against multiple defendants. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66-67 (5th Cir. 2010); *Rogers v. Sunbelt Mgmt. Co.*, --- F. Supp. 3d --- , 2014 WL 4626557, at *2 (S.D. Miss. Sept. 15, 2014); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1381 (S.D. Ala. 2009).

Accordingly, the court finds that this case was properly removed under 28 U.S.C. § 1441 because, had it been filed in this court, the court would have had original jurisdiction over the case based on complete diversity of citizenship under 28 U.S.C. § 1332. (*See* Docket No. 1, Notice of Removal ¶ 3 (asserting that "this action is removable based on complete diversity of citizenship").)

For these reasons, the Motion to Remand (Docket No. 15) is hereby **DENIED**. The court will reset the initial case management conference by separate order.

It is so **ORDERED**.

Enter this 21st day of October 2014.

_____
ALETA A. TRAUGER
United States District Judge