# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LIA JACKSON, as Mother and Next Friend of AMARI FLYNN, a deceased minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:14-cv-01677 ) Judge Aleta A. Trauger ) |
| COOPER TIRE & RUBBER COMPANY, CARLTON FLYNN, and FORD MOTOR COMPANY, | ) ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM

On July 11, 2014, the plaintiff filed a Complaint against defendants Cooper Tire & Rubber Company ("Cooper Tire"), Carlton Flynn, and Ford Motor Company ("Ford"). Notwithstanding the lack of diversity of citizenship between the plaintiff and defendant Flynn, Cooper Tire and Ford removed the case to this court on August 15, 2014, contending that the plaintiff fraudulently joined Carlton Flynn as a defendant.[1] (Docket No. 1.) The plaintiff has filed a Motion to Remand (Docket No. 15), to which Cooper Tire filed a Response in opposition (Docket No. 18), the plaintiff filed a Reply (Docket No. 21), and Cooper Tire filed a Sur-Reply (Docket No. 24). For the reasons stated herein, the Motion to Remand will be granted.

## BACKGROUND

This case concerns a fatal car accident in which the plaintiff's son, Amari Flynn ("Amari"), died. On July 14, 2013, Amari was the passenger in a car driven by his father,

---

[1] Following removal, counsel appeared on behalf of Carlton Flynn. (Docket No. 13.) On September 12, 2014, the same date on which the plaintiff filed her Motion to Remand, Carlton Flynn filed an Answer to the Complaint. (Docket No. 17.)

1

Carlton Flynn ("Carlton"). At the time of the accident, Amari, Carlton, and the plaintiff (Amari's mother) were Tennessee residents.[2]

On the date of the accident, Carlton was driving a 2002 Ford Explorer northbound on a highway in Cullman County, Alabama. The car was manufactured by Ford and had a left rear tire manufactured by Cooper Tire (the "tire"). According to the Complaint, Carlton was driving the car "in a negligent and/or wanton manner at the time of the incident," when, "suddenly, and without warning, the subject tire failed due to a tread separation, causing the driver of the subject vehicle to lose control of the vehicle and resulting in it overturning." (Compl. ¶ 6.) During the rollover accident, Amari was thrown from the vehicle and suffered fatal injuries.

In her Complaint, the plaintiff, in her capacity as mother and next friend of Amari, asserts claims against Cooper Tire, Ford, and Carlton.[3] Against Cooper Tire, the plaintiff asserts claims for strict liability, negligence, negligent failure to warn, wantonness, wanton failure to warn, and breach of warranties, all of which are essentially premised on the theory that the tire was defectively designed and manufactured or contained insufficient warnings concerning the potential hazards that it posed. Against Ford, the plaintiff asserts claims for negligent failure to warn and wanton failure to warn, premised on the theory that Ford owed (and breached) a duty to warn drivers and occupants about (a) the impact of a tire tread separation on the handling and stability of a vehicle and (b) the best way to react to a tire tread separation.

---

[2] The plaintiff alleges that she is now a Georgia resident. For purposes of diversity jurisdiction, the plaintiff, who is suing in a representative capacity on Amari's behalf, is treated as a Tennessee resident because Amari was a Tennessee resident at the time of his death. *See* 28 U.S.C. § 1332(c)(2); *Yeubanks v. Methodist Healthcare Memphis Hosps.*, 227 F. Supp. 2d 934, 938 (W.D. Tenn. 2002); *see also* Notice of Removal ¶ 10 (conceding that the plaintiff is a Tennessee resident for diversity purposes).

[3] In this lawsuit, Amari's mother is suing Amari's father.

Against Carlton, the plaintiff asserts claims for negligence and wantonness. With respect to the negligence claim, the plaintiff alleges that Carlton "negligently operated" the car on the date of the accident, that Carlton had an obligation to operate the vehicle in a safe manner, that Carlton negligently breached that duty, and that his negligent operation of the vehicle proximately caused Amari's death. With respect to the wantonness claim, the plaintiff alleges that Carlton "willfully and wantonly operate[d] the subject vehicle" at the time of the incident and that Carlton did so "with a conscious disregard and a reckless indifference for the lives and safety of others, including Plaintiff's decedent, Amari Flynn, with knowledge that harm would likely or probably result from his conduct." (Compl. ¶ 46.)

The Complaint pleads the claims under Alabama law (where the incident occurred) in the first instance, but it also pleads Tennessee law in the alternative.

The plaintiff contends that the court should remand this case because (1) the court lacks subject matter jurisdiction because the plaintiff and Carlton Flynn are not diverse;[4] or (2) if Alabama law applies to the plaintiff's claims, the Alabama Guest Statute does not apply to the plaintiff's wantonness claim against Carlton. The plaintiff urges the court to construe her claims in light of Tennessee's "notice pleading" standard. In response, Cooper Tire urges the court to construe the plaintiff's claims in light of the federal "plausibility" standard articulated in

---

[4] In her opening brief, the plaintiff stated that the amount in controversy requirement had not been met, but the plaintiff did not develop this argument in her opening brief in any fashion, which is insufficient on its face. Furthermore, after Cooper Tire argued that the amount in controversy requirement is satisfied under prevailing caselaw, the plaintiff did not challenge that argument in her Reply, reflecting implicit abandonment of her position. Regardless, on the merits, the court is satisfied that this case places more than $75,000 at issue: it involves the wrongful death of a minor and demands both compensatory and punitive damages against multiple defendants. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66-67 (5th Cir. 2010); *Rogers v. Sunbelt Mgmt. Co.*, --- F. Supp. 3d --- , 2014 WL 4626557, at *2 (S.D. Miss. Sept. 15, 2014); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1381 (S.D. Ala. 2009).

3

*Twombly* and *Iqbal*. Cooper Tire argues that, regardless of the applicable substantive law (Alabama or Tennessee law) and the applicable procedural law (federal or Tennessee), the plaintiff has no colorable cause of action against Carlton. Cooper Tire expressly states that it is not seeking a choice of law ruling at this stage.

## FRAUDULENT JOINDER STANDARD

Subject to exceptions not relevant here, federal diversity jurisdiction exists "only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel., L.L.C.*, 176 F.3d 904 (6th Cir. 1999). Thus, in order for a defendant to remove a case to federal court under 28 U.S.C. § 1441 based on diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. *Id.* If a federal court determines that it lacks subject matter jurisdiction, it must remand the case. *See* 28 U.S.C. § 1447(c).

Fraudulent joinder is a judicially created doctrine that provides a limited exception to the requirement of complete diversity. *Collins v. Bacon*, 2005 WL 2429844, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.2d 1284, 1287 (11th Cir. 1998)). Under the doctrine of fraudulent joinder, the citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether a federal court has diversity jurisdiction. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Thus, where a defendant removes a case despite the existence of a non-diverse party, the removing defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined. *Id.*[5]

---

[5] Under 28 U.S.C. § 1441(b), a defendant may remove a case to federal court based upon diversity jurisdiction "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." (emphasis added).

4

Under the doctrine of fraudulent joinder, the relevant inquiry is whether the plaintiff had "at least a colorable cause of action" under state law against the non-diverse defendant. *Jerome Duncan*, 176 F.3d at 907. Accordingly, this court must look to Tennessee law to determine whether Carlton is a proper defendant or, in the alternative, whether he was fraudulently joined. *See id.* The non-moving party's actual motive for joining a non-diverse party is immaterial to the court's determination regarding fraudulent joinder. *Id.* The burden of proving fraudulent joinder is on the removing party or parties. *Id.*

"There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)); *accord Walker v. Phillip Morris, U.S.A.*, 443 F. App'x 946, 951 (6th Cir. 2011). "Therefore, the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949. Stated another way, the question is whether there is any reasonable basis for predicting that the plaintiff could prevail against the non-diverse defendant. *Id.* In making its determination, any disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of the nonremoving party. *Id.*; *accord Coyne*, 183 F.3d at 493. All doubts as to the propriety of removal are resolved in favor of remand. *Coyne*, 183 F.3d at 493; *accord Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

As at least some district courts within this circuit have observed, applying the fraudulent joinder standard can be a difficult inquiry, because the Sixth Circuit's "reasonable basis" and

5

"colorable cause of action" standard leaves room for debate as to how deferential a court should be in evaluating the sufficiency of the plaintiff's claims for fraudulent joinder purposes, short of applying the Rule 12(b)(6) standard. *See Little v. Purdue Pharma, L.P.*, 227 F. Supp. 838, 845-46 (S.D. Ohio 2002). At a minimum, it places the court in the position of attempting to evaluate whether there is a "colorable" cause of action under state law before exercising jurisdiction (assuming that the non-diverse defendant was fraudulently joined) to reach the merits of the state law claims.

To add another layer of complexity, it does not appear that the Sixth Circuit has explicitly stated whether district courts assessing fraudulent joinder should consider the claims in light of the pleading standard applicable in state court rather than the federal pleading standard (if they differ). Here, the distinction is important, because Tennessee has rejected the *Twombly/Iqbal* standard for analyzing motions to dismiss. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422 (Tenn. 2011). Instead of the more stringent federal standard, Tennessee employs a "liberal notice pleading standard," the primary purpose of which is merely "to provide notice of the issues presented to the opposing party and the court." *Id.* at 426.[6] Reasoning that a federal district court's role is to determine whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," many federal courts have applied the state law standard in determining fraudulent joinder. *See Smith v. Baker*

---

[6] In *Webb*, the Tennessee Supreme Court was critical of the United States Supreme Court decisions in *Twombly* and *Iqbal*. *See Webb*, 346 S.W.3d at 432. Among other criticisms, the court declared that the "the *Twombly/Iqbal* standard is at odds with the well-established principle in Tennessee that a Rule 12.02(6) motion [Tennessee's Rule 12 equivalent] challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. It also conflicts with the strong preference embodied in the Tennessee Rules of Civil Procedure that cases stating a valid legal claim brought by Tennessee citizens be decided on their merits." *Id.*

*Concrete Constr., Inc.*, 2014 WL 3715125, at *4 (E.D. Tenn. Mar. 28, 2014) (applying Tennessee pleading standard); *Worrix v. Medtronic, Inc.*, 2013 WL 6834719, at *4 (E.D. Ky. Dec. 23, 2013) (applying Kentucky pleading standard); *In re Regions Morgan Keegan Secs., Derivative, & ERISA Litig.*, 2013 WL 2404063, at *12-*13 (W.D. Tenn. May 31, 2012) (concluding, after conducting an *Erie* analysis, that more liberal Texas pleading standard should apply). By contrast, other federal courts, applying the rule that the federal rules "apply to a civil action after it is removed from a state court," *see* Fed. R. Civ. P. 81(c)(1), have found that the federal pleading standards apply when assessing fraudulent joinder. *See, e.g.*, *Beavers v. DePuy Ortho., Inc.*, 2012 WL 1945603, at *3 (N.D. Ohio May 30, 2012); *Okenpu v. Allstate Tex. Lloyd's*, 2012 WL 1038678, at *7 (S.D. Tex. Mar. 27, 2012).

There are legitimate arguments in favor of either approach. However, the court must be cognizant not to lose the "forest for the trees." The court's assessment is a threshold jurisdictional inquiry to determine whether there is a "colorable" cause of action under state law against a non-diverse defendant, not a test to determine the sufficiency of the allegations under a particular pleading standard.[7] The fraudulent joinder standard is difficult for a defendant to meet: unless a court concludes that there is not even a "colorable" claim against the non-diverse party, the court would not have jurisdiction to address a Rule 12(b)(6) motion under the *Twombly/Iqbal* standard in the first place. By contrast, if the court were to apply the federal Rule 12(b)(6) pleading standard in determining whether to exercise jurisdiction, then the fraudulent joinder standard and the federal pleading standard would merge, and the lenient grounds on

---

[7] Indeed, even the decision by this court that there is a colorable of action against Carlton (for purposes of the fraudulent joinder inquiry) does not preclude the defendants from challenging the sufficiency of the Complaint Tennessee state court on remand.

7

which a plaintiff may obtain remand back to state court would be nullified. As articulated by the Sixth Circuit, the question is not whether the Rule 12(b)(6) standard has been satisfied, it is merely whether it is "arguable" that a state "might" impose liability against a non-diverse defendant on the facts alleged.

Moreover, if the court systematically applied the Rule 12(b)(6) standard to non-diverse defendants every time a removing defendant asserts fraudulent joinder, it would create perverse incentives. In cases involving both diverse and non-diverse defendants, a plaintiff in Tennessee court might typically engage in "notice pleading" under the assumption that the Tennessee court would permit the claims to proceed past the pleading stage. However, if defendants are assured that federal courts will apply the more stringent federal Rule 12(b)(6) to claims related to any non-diverse defendant whenever a defendant alleges "fraudulent joinder," then defendants would systematically remove otherwise colorable Tennessee claims to federal court by accusing the plaintiff of "fraudulently" joining the non-diverse defendant. The federal district court, applying the Rule 12(b)(6) standard, would dismiss the claims and exercise diversity jurisdiction over the case relative to the remaining diverse defendants. Going forward, any plaintiffs alleging a claim against a non-diverse defendant would need to anticipate removal on this basis. This would effectively require a plaintiff to meet the federal Rule 12(b)(6) standard against non-diverse defendants in the state court complaint, or else risk having the claims later dismissed by a federal court as "fraudulent," when in fact they *were* colorable claims. The court sees no reason why the fraudulent joinder doctrine should commandeer state court pleading practice in this fashion and, at any rate, the assertion of colorable claims against non-diverse defendants should preclude federal courts from exercising diversity jurisdiction in the first place.

For these reasons, the court finds that it would not be appropriate to apply the federal Rule 12(b)(6) standard here. The court will instead rely on the fraudulent joinder standard as it has been articulated by the Sixth Circuit.

## ANALYSIS

The parties do not seek a choice of law determination from this court. As the parties have framed the issue, the court's inquiry is essentially whether the plaintiff has pleaded a colorable cause of action against Carlton under either Alabama law or Tennessee law.

### A. Alabama Law

If Alabama law applies, the plaintiff cannot maintain claims against Carlton Flynn. Alabama has adopted the parental immunity doctrine, which immunizes parents against all civil suits brought by unemancipated minor children. *See Mitchell v. Davis*, 598 So.2d 801, 803 (Ala. 1992).[8] Therefore, the remaining question is whether the plaintiff has articulated a colorable cause of action against Carlton under Tennessee law.

### B. Tennessee Law

Unlike in Alabama, parental immunity has been abrogated in Tennessee, thereby permitting the plaintiff to assert claims on behalf of Amari against Amari's father. *See Broadwell by Broadwell v. Holmes*, 871 S.W.2d 471 (Tenn. 1994).

To show negligence, a plaintiff must show (1) a duty of care owed by the defendant to the plaintiff, (2) conduct by the defendant breaching that duty, (3) an injury or loss to the plaintiff, (4) causation in fact, and (5) proximate or legal cause. *Biscan*, 2003 WL 22955933, at *6. Tennessee statutory law imposes numerous "rules of the road" on drivers that are designed to

---

[8]The defendant argued in its Response that the doctrine of parental immunity would bar any Alabama claims against Carlton as a matter of law. Notably, in her Reply, the plaintiff did not address or otherwise attempt to rebut this argument.

ensure that drivers operate their vehicles safely on the roadways. *See* Tenn. Code Ann. § 55-8-101 *et seq.* For example, "[e]very driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property[.]" *Id.* § 55-8-136(b); *see Freeman v. CSX Transp.*, 2013 WL 4680447, at *10 (Tenn. Ct. App. Aug. 28, 2013); *Biscan v. Brown*, 2003 WL 22955933, at *22 (Tenn. Ct. App. 2003) (affirming trial court verdict, where minor guest passenger sued driver and jury allocated 70% fault to driver). Here, the plaintiff alleges that Carlton had this duty relative to passenger Amari, that Carlton breached the duty by driving in a negligent or wanton manner, and that Carlton's breach of that duty caused (at least in part) Amari's injuries.

The defendants argue with some force that the Complaint allegations are insufficient to meet the federal Rule 12(b)(6) standard to state a claim for negligence because they are conclusory. However, the court is only evaluating whether joinder of Carlton as a defendant was "fraudulent," an inquiry that entails determining only whether there is *arguably* a reasonable basis to predict that Tennessee law *might* hold Carlton liable in whole or in part for Amari's injuries under the facts alleged. The facts that the plaintiff has pleaded, while relatively spare with respect to Carlton, are sufficient to satisfy this lenient standard. Tennessee does provide a private cause of action by a minor passenger against a driver, and it is not anomalous for that type of claim to proceed to trial. If Carlton in fact were driving negligently or recklessly at the time the tire tread separated, his conduct could have been a cause (perhaps a contributing cause) of Amari Flynn's death. There is, therefore, "arguably a reasonable basis for predicting that [Tennessee] state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949.

Admittedly, the Complaint also pleads that manufacturing defects (or failures to warn) caused or contributed to Amari's injuries. However, nothing prevents the plaintiff from pursuing multiple causes for her daughter's death, including simultaneously pursuing product liability claims against the product manufacturer(s) and claims against the driver stemming from the driver's own culpability. *See, e.g., Poper ex rel. Poper v. Rollins*, 90 S.W.3d 682 (Tenn. 2002); *Lake v. Memphis Landsmen, LLC*, 2014 WL 895519 (Tenn. Ct. App. Mar. 7, 2014); *Parker v. Prince*, 656 S.W.2d 391 (6th Cir. 1983), *disavowed on other grounds in Smith v. Detroit Marine Eng'g Corp.*, 712 S.W.2d 472 (Tenn. Ct. App. 1985).[9] Although the gravamen of the Complaint's more specific allegations concern product defect claims against Cooper Tire and Ford, the court's obligation is to resolve doubts concerning the propriety of removal in favor of remand. In light of that principle, the court finds that the Complaint has sufficiently articulated a colorable claim against Carlton under Tennessee law. The properly joined parties are therefore not completely diverse, and the court lacks subject matter jurisdiction at this time.

In reaching its conclusion, the court expressly makes no findings that (a) Tennessee law actually applies to the claims against Carlton, or (b) the Complaint allegations are necessarily sufficient under the liberal Tennessee pleading standard (or, for that matter, the federal Rule 12(b)(6) standard). It will be for the state court to address these at an appropriate stage after remand.[10]

---

[9] Indeed, Cooper Tire's position here will be put to the test in its Answer: in this court's experience, defendant manufacturers in car accident cases often assert, as an affirmative defense, the negligence or comparative fault of the driver of the vehicle involved in the accident.

[10] Of course, subject to certain time limitations, Cooper Tire and Ford may have another opportunity to remove this case. For example, if the state court determines that Alabama substantive law applies, the claims asserted against Carlton are presumably barred, Carlton will be dismissed, and the remaining parties would be diverse. Similarly, the state court might

**CONCLUSION**

For the reasons stated herein, the Motion to Remand will be granted and this case will be remanded to the Circuit Court for Davidson County, Tennessee for further proceedings.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

---

determine (at some point in the case) that the claims against Carlton are not sufficiently alleged or supported and, therefore, must be dismissed, thereby leaving only diverse parties. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be ascertained by that the case is one which is *or has become* removable . . . .") (emphasis added). However, proper removal under §1446(b)(3) must take place within one year of the commencement of the action in state court, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action. *See* 28 U.S.C. § 1446(c)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 n. 12 (1996) ("Congress amended § 1446(b) in 1988 to include the one-year limitation in order to reduce the opportunity for removal after substantial progress has been made in state court.") (internal quotation and brackets omitted).